Yongmoon Kim
ykim@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117

*Attorneys for Plaintiffs Yvette McQueen and Deborah A. Glover*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YVETTE MCQUEEN and DEBORAH A. GLOVER, *on behalf of themselves and those similarly situated*,<br><br>Plaintiffs,<br><br>vs.<br><br>CREDIT ONE BANK, N.A.; and JOHN DOES 1 to 10.<br><br>Defendants. | Civil Action No. 2:23-cv-01601-KM-ESK<br><br><br><br>**FIRST AMENDED CLASS ACTION COMPLAINT<br>AND JURY DEMAND** |

Plaintiffs Yvette McQueen and Deborah A. Glover, by way of this First Amended Class Action Complaint against the Defendants Credit One Bank, N.A., and John Does 1 to 10, alleges and states:

### I.   NATURE OF THE ACTION

1. Plaintiffs bring this putative class action to secure redress for Defendants' course of conduct that included accessing Plaintiff's credit report without consent or any lawful reason, which is in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

### II.   JURISDICTION AND VENUE

2. This Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1331.

3. Venue is properly in the District of New Jersey as the Defendants regularly

conduct business there.

### III.    PARTIES

4. Plaintiffs are individuals who are residents and domiciled in the State of New Jersey.

5. Defendant Credit One Bank, N.A. ("Credit One") is a bank with its principal place of business at 6801 S. Cimarron Road Las Vegas, Nevada 89113.

6. Credit One has willfully and intentionally participated in the wrongful conduct complained of herein and caused injury to the Plaintiffs and others similarly situated to the Plaintiffs.

7. Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Credit One that are the subject of this Complaint. Those defendants personally control the illegal acts, policies, and practices utilized by Credit One and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint. Those fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

8. Some or all of John Does 1-10 set the policies and practices complained of herein.

9. Some or all of John Does 1-10 were actively engaged in the practices complained of herein.

### IV.    CLASS DEFINITION

10. This action is brought and may properly proceed as a class action, pursuant to the

provisions of Federal Rules of Civil Procedure 23.

11.     Plaintiffs also sue on behalf of others who are similarly situated to the Plaintiffs. This Class of individuals consists of the following persons:

> Any person who had their consumer report pulled or obtained by the Defendants without a permissible purpose or written authorization within the 5-year period preceding the filing of this complaint. **This definition may be amended or modified, including to expand the class.**

## V.     FACTS

12.     Defendants are in the business of "offering a full range of consumer credit card products."[1]

### A. Plaintiff Yvette McQueen

13.     Plaintiff McQueen did not seek credit of any type from Defendants.

14.     There was no other *in personam* relationship established or created between Plaintiff McQueen and Defendants.

15.     Despite the absence of any *in personam* credit relationship between Plaintiff McQueen and Defendants, and despite the lack of any consent, Defendants accessed Plaintiff's personal information.

16.     From March 19, 2019, to December 15, 2022, the Defendants accessed information from a consumer reporting agency about Plaintiff McQueen without her authorization through approximately 29 "unspecified" inquiries.

17.     Plaintiff McQueen first found out about Defendants continued unauthorized access on April 8, 2021, when she obtained her Experian credit report.

18.     This Experian credit report shows that Credit One made 15 inquiries on Plaintiff

---

[1] https://www.creditonebank.com/faqs

McQueen's credit report.

19. Plaintiff McQueen obtained a new Experian credit report on September 14, 2021, which shows that Credit One made 3 more inquiries.

20. On January 6, 2023, Plaintiff McQueen obtained another Experian credit report, which shows 10 new inquiries made by Credit One.

21. Plaintiff McQueen also obtained a Transunion credit report on January 6, 2023, which shows that Credit One made another inquiry on May 24, 2022.

22. Plaintiff McQueen had not requested credit from the Defendants.

23. Plaintiff McQueen did not have any credit relationship with the Defendants.

24. Plaintiff McQueen had not authorized Defendants to obtain her private credit report or any information.

25. The volume of inquiries made on Plaintiff's credit report indicates that the Defendants acted willfully and knowingly when each inquiry was made.

**B. Plaintiff Deborah Glover**

26. Plaintiff Glover opened a Credit One Account on or about June 4, 2013.

27. Defendant Credit One later sold/assigned Glover's Account to MHC Receivables, LLC/FNBM, LLC, on June 4, 2016.

28. On June 14, 2016, Plaintiff Glover's account was sold to LVNV Funding LLC's predecessor-in-interest (Sherman Original III LLC and Sherman Originator LLC).

29. Thereafter, all ownerships rights were transferred to LVNV Funding LLC.

30. After June 14, 2016, Plaintiff Glover did not seek credit of any type from Defendants.

31. After June 14, 2016, there was no other *in personam* relationship remaining or later created between Plaintiff Glover and Defendants.

32. Despite the absence of any *in personam* credit relationship between Plaintiff Glover and Defendants, and despite the lack of any consent, Defendants accessed Plaintiff's personal information.

33. From November 9, 2021, to October 13, 2022, the Defendants accessed information from a consumer reporting agency about Plaintiff Glover without her authorization through approximately 12 "unspecified" inquiries.

34. Plaintiff Glover first found out about Defendants continued unauthorized access on November 3, 2022, when she obtained her Experian credit report.

35. This Experian credit report shows that Credit One made 12 inquiries on Plaintiff's credit report.

36. After June 14, 2016, Plaintiff Glover had not requested credit from the Defendants.

37. After June 14, 2016, Plaintiff Glover did not have any credit relationship with the Defendants.

38. Plaintiff Glover had not authorized Defendants to obtain her private credit report or any information.

39. The volume of inquiries made on Plaintiff's credit report indicates that the Defendants acted willfully and knowingly when each inquiry was made.

### VI.    CLASS ACTION ALLEGATIONS

40. This action is brought as a Class Action under Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs propose to represent themselves and the Class defined above.

41. The named Plaintiffs fall within the Class definition above and are class members.

42. The particular members of the Class are capable of being described without

difficult managerial or administrative problems. The members of the Class are readily identifiable from the information and records in the possession, custody or control of the Defendants and the records of the consumer reporting agencies since they charge the Defendants for each pull made by it.

43. Upon information and belief, the Class is sufficiently numerous such that individual joinder of all members is impractical. This allegation is based on the fact that Defendants are a substantial servicer across the country and in New Jersey.

44. There are questions of law and fact common to the Class which predominate over any questions affecting only the individual members of the Class and, in fact, the wrongs alleged against the Defendants are identical. The common issues include, but are certainly not limited to:

    A. Whether the Defendants obtained or pulled information about the Plaintiffs and members of the Class from a consumer reporting agency;

    B. Whether the Defendants can show any permissible purpose or written authorization to obtain or pull private credit information about the Plaintiffs or the members of the Class;

    C. Whether the Defendants acted willfully, as that term has been interpreted under the FCRA, when it pulled or obtained the private information about the Plaintiffs or other members of the Class;

    D. Whether the Defendants acted negligently when it pulled or obtained the private information about the Plaintiffs or other members of the Class;

    E. The amount of statutory damages to be assessed against the Defendants;

    F. Whether an award of punitive damages against the Defendants is appropriate; and

   G. The amount of damages to be assessed against the Defendants.

45. The Plaintiffs' claims are the same as each member of the Class and are based on the same legal and factual theories.

46. There is nothing unusual about the Plaintiffs to warrant a material difference between her claims and the claims of the members of the Class.

47. Defendants' likely defenses (though unavailing) are and will be typical of and the same or identical for each of the class members and will be based on the same legal and factual theories. There are no valid, unique defenses.

48. The named Plaintiffs will fairly and adequately represent and protect the interests of the Class.

49. The named Plaintiffs have retained counsel who is experienced in consumer litigation and class actions. Plaintiffs' counsel has been appointed as class counsel in a number of class actions asserting claims under consumer protection laws.

50. The named Plaintiffs do not have any interests antagonistic to the members of the Class.

      **VII. CERTIFICATION UNDER RULE 23**

51. The Defendants have acted on grounds that apply uniformly across the Class, so that the statutory relief afforded pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o, is appropriate with respect to the Class as a whole. Furthermore, the common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy. A class action will cause an orderly and expeditious administration of class members' claims, and economies of time, effort, and expenses will be fostered and uniformity of decisions will be ensured.

52. There are no individual questions to establish the claims of the Plaintiffs and the class members. The claims are based on the Defendants obtaining private information held by consumer reporting agencies by certifying to consumer reporting agencies that they had the right to obtain information when Defendants did not have either a permissible purpose or written authorization to pull or obtain the private information of the Plaintiffs and members of the Class.

53. Plaintiffs' claims are typical of the claims of the class members.

54. The class members have suffered damages, losses, and harm similar to those sustained by the named Plaintiffs. This includes the invasion of their privacy. All are entitled to the statutory damages allowed by the FCRA and to any punitive damages that may be awarded.

## VIII.   CAUSES OF ACTIONS

### COUNT I - FAIR CREDIT REPORTING ACT
### (VIOLATION OF 15 U.S.C. § 1681N)

55. Plaintiffs incorporate the foregoing paragraphs.

56. The FCRA, 15 U.S.C. § 1681b, provides that it is only permissible to obtain a credit report on a consumer with the written consent of the consumer or for certain "permissible purposes," which insofar as pertinent are the extension of credit to, or review or collection of an account of, the consumer, employment purposes, the underwriting of insurance, or in connection with a business transaction that is initiated by the consumer.

57. The requester must affirmatively certify to the consumer reporting agency that a permissible purpose exists. 15 U.S.C. § 1681b(f).

58. Defendants obtained or pulled the consumer report of Plaintiffs and the members of the Class after certifying they had a permissible purpose when the Defendants did not have written permission or a "permissible purpose."

59. To obtain the consumer report of Plaintiffs and the other class members, the

Defendants had to affirmatively provide certification.

60. The Defendants knew that it did not have any right to obtain the consumer report of Plaintiffs for any purpose. Defendants did not have either written consent or a "permissible purpose."

61. The FCRA, 15 U.S.C. § 1681q, provides:

> **§ 1681q.  Obtaining information under false pretenses**
>
> Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, United States Code, imprisoned for not more than 2 years, or both.

62. The Defendants obtained information about Plaintiffs and the other Class members under false pretenses since the Defendants did not have any "permissible purpose" or written permission.

63. The FCRA, 15 U.S.C. § 1681n, provides:

> **§ 1681n. Civil liability for willful noncompliance**
>
> **(a) In general**. Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§ 1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of—
> **(1)**
> **(A)** any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or
> **(B)** in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;
> **(2)** such amount of punitive damages as the court may allow; and
> **(3)** in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

64. The FCRA, 15 U.S.C. § 1681p, provides:

**§ 1681p. Jurisdiction of courts; limitation of actions**

An action to enforce any liability created under this title [15 USC §§ 1681 et seq.] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of—

**(1)** 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or

**(2)** 5 years after the date on which the violation that is the basis for such liability occurs.

65. The Plaintiffs and the other class members have had their privacy illegally invaded as a result of Defendants' willful actions and they are entitled to statutory damages allowed by the FCRA.

66. The Defendants' actions support an award of punitive damages since they acted knowingly, including making false certifications to pull or obtain the private information of the Plaintiffs and other class members.

### PRAYER FOR RELIEF FOR COUNT I

67. Wherefore, the Plaintiffs pray for the following relief and judgment in their favor and the other members of the class and against the Defendants under this Count:

    A. The Court certify a class of persons defined herein as may be modified or amended;

    B. Appoint Plaintiffs and their counsel to represent the certified Class;

    C. Award statutory damages to the Plaintiffs and each class member;

    D. Award punitive damages against the Defendants;

    E. Award the Plaintiffs and the Class their costs, including attorney fees; and

    F. Award such other and further relief as may be appropriate and proper.

## COUNT II - FAIR CREDIT REPORTING ACT
### (VIOLATION OF 15 U.S.C. § 1681O)

68. Plaintiffs incorporate the foregoing paragraphs.

69. The FCRA, 15 U.S.C. § 1681b, provides that it is only permissible to obtain a credit report on a consumer with the written consent of the consumer or for certain "permissible purposes," which insofar as pertinent are the extension of credit to, or review or collection of an account of, the consumer, employment purposes, the underwriting of insurance, or in connection with a business transaction that is initiated by the consumer.

70. The requester must affirmatively certify to the consumer reporting agency that a permissible purpose exists. 15 U.S.C. § 1681b(f).

71. Defendants obtained or pulled the consumer report of Plaintiffs and the members of the Class after certifying it had the right to obtain the report when the Defendants did not have written permission or a "permissible purpose."

72. To obtain the consumer report of Plaintiffs and the other class members, the Defendants had to affirmatively provide certification.

73. The Defendants knew or should have known that they did not have any right to obtain the consumer report of Plaintiffs for any purpose.

74. The Defendants knew or should have known that they did not have either written consent or a "permissible purpose."

75. Alternatively, if the Defendants did not violate 15 U.S.C. § 1681n, the Defendants violated 15 U.S.C. § 1681o, which states:

> **(a) In general.** Any person who is negligent in failing to comply with any requirement imposed under this title [15 USCS §§ 1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of—
> **(1)** any actual damages sustained by the consumer as a result

> of the failure; and
>
> **(2)** in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.
>
> **(b) Attorney's fees.** On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

76. The Plaintiffs and the other class members have had their privacy illegally invaded as a result of Defendants' negligent actions and they are entitled to damages allowed by the FCRA.

### PRAYER FOR RELIEF FOR COUNT II

77. Wherefore, the Plaintiffs pray for the following relief and judgment in their favor and the other members of the Class and against the Defendants under this Count:

    A. The Court certify a class of persons defined herein as may be modified or amended;

    B. Appoint Plaintiffs and their counsel to represent the certified Class;

    C. Award damages to the Plaintiffs and each class member;

    D. Award the Plaintiffs and the Class their costs, including attorney fees; and

    E. Award such other and further relief as may be appropriate and proper.

### IX.   JURY DEMAND

Plaintiffs demand trial by jury as to all claims and defenses.

### X.   CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any

pending arbitration or administrative proceeding.

                                                                                                          KIM LAW FIRM LLC

Dated: May 2, 2023                             <u>*s/Yongmoon Kim*</u>
                                                                                    Yongmoon Kim

                                                                                    *Attorneys for Plaintiffs Yvette McQueen and Deborah A. Glover*